Valarie Jonas, Esq. (SBN 137525)
**USERY & ASSOCIATES**
**Mailing Address**: P.O. Box 2996
Hartford, CT 06104-2996
**Physical Address**: 9325 Sky Park Court, Suite 220
San Diego, CA 92123
Tel: (858) 616-6132
Fax: (844) 374-5925
E-mail: vjonas@travelers.com

Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NORTHFIELD INSURANCE COMPANY,

Plaintiff,

v.

GZ FUND III, LLC, GOLDEN Z HOLDINGS LLC, GOLDEN BEE INVESTMENTS LLC, DAVID BERNEMAN, NORTH HILLS VENTURES LLC, SUMMIT VIEW HOLDINGS, LLC, MICHAEL SOROUDI, MEHDI SOROUDI, BEHROUZ SOROUDI, GOLDEN BEE MANAGEMENT LLC, ISAAC BERNEMAN, HECTOR RODRIGUEZ, HECTOR RODRIGUEZ, JR., GENESIS RODRIGUEZ, and CLAUDIA VILLEGAS, individually and as *Guardian Ad Litem* for ROBERTO RODRIGUEZ, A MINOR

Defendants.

**Case No.**

**NORTHFIELD INSURANCE COMPANY'S COMPLAINT FOR:**

**(1) DECLARATORY RELIEF (EXCLUSION-HABITABILITY)**
**(2) DECLARATORY RELIEF (EXCLUSION-DISCRIMINATION);**
**(3) DECLARATORY RELIEF (INSURING AGREEMENT);**
**(4) DECLARATORY RELIEF (EXCLUSION-EXPECTED OR INTENDED INJURY);**
**(5) DECLARATORY RELIEF (EXCLUSION-KNOWING VIOLATION OF RIGHTS OF ANOTHER)**
**(6) DECLARATORY RELIEF (INSURANCE CODE §533);**
**(7) DECLARATORY RELIEF (EXCLUSION-BODILY INJURY PERSONAL ADVERTISING INJURY)**
**(8) DECLARATORY RELIEF (EXCLUSION FUNGI)**
**(9) DECLARATORY RELIEF (BREACH OF CONTRACT)**
**(10) DECLARATORY RELIEF (PUNITIVE OR EXEMPLARY DAMAGES);**
**(11) REIMBURSEMENT UNDER *BUSS*;**
(12) **REIMBURSEMENT UNDER *BLUE RIDGE***

Plaintiff NORTHFIELD INSURANCE COMPANY alleges and avers as follows:

//

**THE PARTIES**

1. Plaintiff Northfield Insurance Company ("Northfield") is, and at all relevant times was, an Iowa corporation with its principal place of business in Hartford, Connecticut.

2. Northfield is informed and believes and thereon alleges that defendant GZ Fund III, Ltd. ("GZ Fund") is, and at all times relevant hereto was, a limited liability company incorporated in California with its principal place of business in Sacramento, California.

3. Northfield is informed and believes and thereon alleges that defendant Golden Z Holdings LLC ("Golden Z Holdings") is, and at all times relevant hereto was, a limited liability company incorporated in Nevada with its principal place of business in Reno, Nevada, and the sole member of GZ Fund.

4. Northfield is informed and believes and thereon alleges that defendant Golden Bee Investments LLC ("Golden Bee Investments") is, and at all times relevant hereto was, a limited liability company incorporated in Nevada with its principal place of business in Sacramento, California, and the sole member of Golden Z Holdings.

5. Northfield is informed and believes and thereon alleges that defendant David Berneman is, and at all times relevant hereto was, an individual and citizen of the State of California residing in Sacramento, California, and the sole member of Golden Bee Investments.

6. Northfield is informed and believes and thereon alleges that defendant North Hills Ventures LLC is, and at all times relevant hereto was, a limited liability company incorporated in California with its principal place of business in Los Angeles, California.

7. Northfield is informed and believes and thereon alleges that defendant Summit View Holdings, LLC ("Summit View") is, and at all times relevant hereto was, a limited liability company incorporated in California with its principal place of business in Beverly Hills, California, and the sole member of North Hills Ventures

LLC.

8. Northfield is informed and believes and thereon alleges that defendants Michael Soroudi, Mehdi Soroudi and Behrouz Soroudi are, and at all times relevant hereto were, citizens of the State of California and residents of Beverly Hills, California, and the sole members of defendant Summit View.

9. Northfield is informed and believes and thereon alleges that defendant Golden Bee Management, LLC ("Golden Bee Management") is, and at all times relevant hereto was, a limited liability company incorporated in California with its principal place of business in Los Angeles, California.

10. Northfield is informed and believes and thereon alleges that defendant Isaac Berneman is, and at all times was, an individual and citizen of the State of Nevada residing in Reno, Nevada, and the sole member of defendant Golden Bee Management.

11. Northfield is informed and believes and thereon alleges that defendant Hector Rodriguez is, and at all times was, an individual and citizen of the State of California and resident of Los Angeles, California.

12. Northfield is informed and believes and thereon alleges that defendant Hector Rodriguez Jr. is, and at all times was, an individual and citizen of the State of California and resident of Los Angeles, California.

13. Northfield is informed and believes and thereon alleges that defendant Genesis Rodriguez is, and at all times was, an individual and citizen of the State of California, and resident of Los Angeles, California.

14. Northfield is informed and believes and thereon alleges that defendant Claudia Villegas is, and at all times was, an individual and citizen of the State of California and resident of Los Angeles, California, and is, and at times relevant hereto was, the *Guardian Ad Litem* for defendant Roberto Rodriguez, a minor and citizen of the State of California and resident of Los Angeles, California.

//

**JURISDICTION AND VENUE**

15. This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Central District of California.

**BACKGROUND FACTS**

**THE UNDERLYING ACTION**

17. On or about March 26, 2026, Hector Rodriguez, Claudia Villegas, individually and as *Guardian Ad Litem* to Roberto Rodriguez, a minor, Hector Rodriguez Jr., and Genesis Rodriguez (together, the "Underlying Plaintiffs") filed suit against GZ Fund III LLC, Golden Bee Management, LLC and Does 1-10 (the "Underlying Defendants") in the Superior Court of California for the County of Los Angeles, Case Number 26CHCV01234 (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached as Exhibit "A".

18. The Underlying Action alleges the Underlying Plaintiffs leased residential property from the Underlying Defendants located at 8923 Orion Avenue, Apartment 7, North Hills, California 91343 (the "Subject Property") and that the Underlying Plaintiffs suffered injuries as a result of uninhabitable conditions from the Underlying Defendants' neglect of the Subject Property, including defective water pipes, plumbing issues, mold, water leaks, rats/rodents, bed bugs, roach and other insect infestation, inoperable windows and doors due to deterioration, holes throughout the unit, faulty electrical fittings, deteriorated walls, and deteriorated bathroom walls and floors, among other conditions.

19. The Underlying Plaintiffs allege they became sick with rashes and breathing issues and that they continue to suffer from mold inhalation, breathing

issues, restlessness, insomnia, and other symptoms due to the dangerous conditions at the Subject Property.

20. The Underlying Action alleges the Underlying Defendants retaliated against the Underlying Plaintiffs for complaining about the Underlying Defendants' failure to address the habitability violations by creating a hostile living environment for the Underlying Plaintiffs, including threatening eviction, mocking the Underlying Plaintiffs' limited English proficiency and discriminating against them on the basis of race, color, ancestry, national origin and limited English proficiency.

21. The Underlying Plaintiffs allege they are members of a protected class including on the basis of race, color, ancestry, national origin and primary language/limited English proficiency and further allege that the Underlying Defendants treated them differently than other tenants because of these protected characteristics.

22. The Underlying Plaintiffs further allege they were repeatedly forced to stay away from the Subject Property due to the dangerous conditions therein and that the Underlying Defendants forced them to vacate the Subject Property because they complained about the dangerous conditions therein.

23. The Underlying Action further alleges the Underlying Defendants repeatedly abused the right of access into the Subject Property including entries for inspections unrelated to necessary repairs and services, excessive numbers of entries into the Subject Property, entries that improperly targeted the Underlying Plaintiffs and entries beyond the scope of lawful entry or inspection.

24. The Underlying Action alleges that Underlying Defendants GZ Fund and Golden Bee Management are and were the owners, co-owners, operators, managers and/or controllers of the Subject Property.

25. The Underlying Action alleges causes of action for 1) Breach of the Implied Warranty of Habitability, 2) Negligence, 3) Nuisance, 4) Breach of Quiet Enjoyment, 5) Intentional Infliction of Emotional Distress, 6) Violation of Statute Cal.

Civ. Code section 1940.2, 7) Breach of Statute (Cal. Civ. Code section 1942.4, 8) Breach of Statute (Cal. Civ. Code section 1942.5, 9) Negligent Hiring, Training, Retention and Supervision, 10) Breach of Contract and 11) Violations of the Unruh Civil Rights Act, Cal. Civ. Code section 51.

26. The Underlying Action seeks restitution and/or abatement of rents paid by the Underlying Plaintiffs to the Underlying Defendants, for reimbursement for damaged property, for compensatory/general damages, special damages, attorneys' fees, statutory damages, injunctive relief, punitive damages and pre and post judgment interest.

## THE NORTHFIELD POLICY

27. Northfield issued a Commercial Insurance Policy, policy number WS679379, to GZ Fund III LLC and North Hills Ventures LLC for the period October 31, 2025 to October 31, 2026 (the "Policy"). The Policy provides commercial general liability coverage subject to the terms and conditions of the Policy. A copy of the Policy is attached hereto as Exhibit "B".

28. The Policy provides in part as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILIY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply… .
> **…**
> **b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";… .

29. The Policy defines "bodily injury" as follows:

**3**. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

30. The Policy defines "occurrence" as follows:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

31. The Policy defines "property damage" as follows:

**2. PROPERTY DAMAGE**

The following replaces the definition of "property damage" in the **DEFINITIONS** Section:

"Property damage" means:

**a.** Physical injury to tangible property of others, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property of others that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. …

32. The Policy provides the following Exclusions for Expected Or Intended Injury and Personal And Advertising Injury:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

…

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury."

33. The Policy provides the following Insuring Agreement under **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABLITY**:

1. **Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. …"

34. The Policy excludes "personal and advertising injury" caused by the "knowing violation of rights of another":

**A. AMENDMENT OF EXCLUSIONS**

**…**

2. **EXCLUSION-KNOWING VIOLATION OF RIGHTS OF ANOTHER**

The following replaces Exclusion **a., Knowing Violation Of Rights Of Another**, in Paragraph **2.** of **SECTION I-COVERAGES-COVERAGE B PERSONAL AND ADVERTISING INJURY LIABLITY**:

insurance does not apply to:

**a.** **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

This exclusion does not apply to "personal and advertising injury" caused by malicious prosecution.

3. The Policy defines "personal and advertising injury" in part as follows:

**D. AMENDMENT OF DEFINITIONS**

**1. PERSONAL AND ADVERTISING INJURY**

The following replaces the definition of "personal and advertising injury" in the **DEFINITIONS** Section:

"Personal and advertising injury":

**a.** means injury caused by one or more of the following offenses committed by the insured:

**3**. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry

or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises; … **b**. Includes "bodily injury" caused by one or more of the offenses described in paragraph **a.** above.

4. The Policy further provides that GZ Fund and North Hills Ventures LLC are each a "limited liability company."

5. The Policy further provides in pertinent part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07), SECTION II – WHO IS AN INSURED**:
**SECTION II - WHO IS AN INSURED**

1. If you are designated in the Declarations as:

***

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

6. The Northfield Policy further contains the following Exclusion-Habitability of Premises:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - HABITABILITY OF PREMISES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

**1.** The following exclusion is added to Paragraph **2.**, **Exclusions**, of **SECTION I - COVERAGES - COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

**Habitability Of Premises**

"Bodily injury" or "property damage":

**a.** Arising out of the:

**(a)** Failure to maintain a premises in a "habitable condition";

**(b)** Actual or alleged violation of any law, ordinance, regulation or governmental rule relating to the habitability of any premises;

**(c)** Breach of any lease, rental agreement, warranty or covenant to maintain a premises in a "habitable condition"; or

**(d)** Wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises, whether actual or constructive, due to failure to maintain a premises in a "habitable condition";

regardless of whether the premises remains occupied.

**b.** Alleged in any claim or "suit" that also alleges any negligence, violation, breach or wrongful eviction, entry or invasion as set forth in Paragraphs **(1) (a) - (d)** above.

**2.** The following exclusion is added to Paragraph **2.**, **Exclusions**, of **SECTION I - COVERAGES - COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**:

**Habitability Of Premises**

"Personal and advertising injury":

**a.** Arising out of the:

**(a)** Failure to maintain a premises in a "habitable condition";

**(b)** Actual or alleged violation of any law, ordinance, regulation or governmental rule relating to the habitability of any premises;

**(c)** Breach of any lease, rental agreement, warranty or covenant to maintain a premises in a "habitable condition"; or

**(d)** Wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises, whether actual or constructive, due to failure to maintain a premises in a "habitable condition";

regardless of whether the premises remains occupied.

**b.** Alleged in any claim or "suit" that also alleges any negligence, violation, breach or wrongful eviction, entry or invasion as set forth in Paragraphs **(2) (a) - (d)** above.

**3.** The following is added to the **DEFINITIONS** Section:

"Habitable condition" means a condition free of any hazards that may:

**a.** Endanger the health or safety of the occupants of a premises; or **b.** Impair the enjoyment of a premises by the occupants,

to an extent that the premises is not habitable.

7. The Northfield Policy provides the following Exclusion for Discrimination with regard to **COVERAGE A BODILY INJURY AND**

**PROPERTY DAMAGE LIABILITY**:

**7. EXCLUSION-DISCRIMINATION**
The following exclusion is added to Paragraph **2., Exclusions** of **SECTION I-COVERAGES-COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**
**Discrimination**

"Bodily injury" arising out of discrimination based upon a person's sex, sexual orientation, marital status, pregnancy, race, color, creed, religion, national origin, citizenship, veteran status, age, genetic information or physical or mental disability, or any other characteristic, attribute, trait, condition, or status that qualifies a person for protection against discrimination under federal, state or local law.

8. The Northfield Policy contains the following exclusion for Discrimination with regard to **COVERAGE B PERSONAL AND ADVERTISIGN INJURY LIABILITY**:

"**12. EXCLUSION – DISCRIMINATION**
The following exclusion is added to Paragraph **2., Exclusions**, of **SECTION 1-COVERAGES-COVERAGE B PERSONAL AND ADVERTISING INJURY LIABLITY**:
**Discrimination**
"Personal and advertising injury" arising out of discrimination based upon a person's sex, sexual orientation, marital status, pregnancy, race, color, creed, religion, national origin, citizenship, veteran status, age, genetic information or physical or mental disability, or any other characteristic, attribute, trait, condition, or status that qualifies a person for protection against discrimination under federal, state or local law.

9. The Policy contains the following Exclusion for Breach of Contract:
**EXCLUSION-BREACH OF CONTRACT**
The following replaces Exclusion **f., Breach Of Contract**, in Paragraph **2.** Of **SECTION I-COVERAGES-COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**:
**f. Breach of Contract**
"Personal and advertising injury" arising out of breach of a breach of contract.

10. The Policy's Exclusion for Fungi Or Bacteria provides in part:

**9. EXCLUSION-FUNGI OR BACTERIA**

The following exclusion is added to Paragraph **2. Exclusions, of SECTION I-COVERAGES-COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY:**

**Fungi or Bacteria:**

**1)** "Bodily injury": or "property damage' arising out of the actual or alleged or threatened inhalation of ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such "bodily injury" or "property damage."…

11. The Policy further provides:

**14. EXCUSION-FUNGI OR BACTERIA**

The following exclusion is added to Paragraph **2., Exclusions**, of **SECTION 1-COVERAGES-COVERAGE B PERSONAL AND ADVERSTISING INJURY LIABLITY**:

**Fungi Or Bacteria**

**(1)** "Personal and advertising injury: arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such "personal and advertising injury."

**(2)** "Personal and advertising injury" arising out of the actual, alleged or threatened inhalation of ingestion of, contact with, exposure to, existence of or presence of any other solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids alkalis, chemicals and waste, and that is part of any claim or "suit" which also alleges and "personal and advertising injury" described in Paragraph **(1)** above.

12. The Policy defines Fungi as follows:

**D. AMENDMENT OF DEFINITIONS**

***

**10. FUNGI**

The following is added to the **DEFINITIONS** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by such fungus.

13. The Policy contains the following Exclusion for Punitive Or Exemplary Damages:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLIITY COVERAGE PART PROVISIONS

**1.** The following exclusion is added to Paragraph **2., Exclusions**, of **SECTION I-COVERAGES-COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

**Punitive Or Exemplary Damages**

Any claim for punitive or exemplary damages, fines, penalties or multiplied damages.

**2.** The following exclusion is added to **Paragraph 2., Exclusions**, of **SECTION I – COVERAGES-COVERAGE B PERSONAL AND ADVERTISING LIABLITY**:

**Punitive Or Exemplary Damages**

Any claim for punitive or exemplary damages, fines, penalties or multiplied damages.

14. By letter dated May 29, 2026, Northfield informed GZ Fund that Northfield would provide a defense to it under the Policy for the Underlying Action, subject to a reservation of rights. A copy of Northfield's May 29, 2026 letter is attached hereto as Exhibit "C."

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF

## (EXCLUSION – HABITABILITY)

**(Against All Defendants)**

15. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14 above, as though fully set forth herein.

16. Northfield asserts that it owes no duty to defend or indemnify GZ Fund with respect to the Underlying Action pursuant to operation of the terms, conditions, exclusions, endorsements and other provisions of the Northfield Policy.

17. The Northfield Policy excludes coverage for "bodily injury" or "property damage" arising out of the: "**(1) (a)** Failure to maintain a premises in a 'habitable condition'; **(b)** Actual or alleged violation of any law, ordinance, regulation or governmental rule relating to the habitability of any premises; **(c)** Breach of any lease, rental agreement, warranty or covenant to maintain a premises in a 'habitable condition'; or **(d)** Wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises, whether actual or constructive, due to failure to maintain a premises in a 'habitable condition'; regardless of whether the premises remains occupied."

18. The Policy further precludes coverage for "bodily injury" or "property damage" that is "alleged in any 'suit' that also alleges negligence, violation, breach or wrongful eviction, entry or invasion as set forth in paragraphs **(1) (a) –(d)** above."

19. The Policy further precludes coverage for "Personal and advertising injury" "**a.** Arising out of the: **(a)** Failure to maintain a premises in a 'habitable condition'; **(b)** Actual or alleged violation of any law, ordinance, regulation or governmental rule relating to the habitability of any premises; **(c)** Breach of any lease, rental agreement, warranty or covenant to maintain a premises in a 'habitable condition'; or **(d)** Wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises, whether actual or constructive, due to failure to maintain a premises in a "habitable condition the failure to maintain a premises in a 'habitable condition;' actual or alleged violation of any law, ordinance, regulation or governmental rule relating to the habitability of any premises; breach of any lease, rental agreement, warranty or covenant to maintain a premises in a 'habitable condition.'"

20. The Northfield Policy further excludes "bodily injury" or "property damage" "alleged in any claim or 'suit' that also alleges any negligence, violation, breach or wrongful eviction, entry or invasion as set forth in Paragraphs **(2)(a)-(d)** above."

21. The Northfield Policy defines "Habitable condition" as "a condition free of any hazards that may: **a.** Endanger the health or safety of the occupants of a premises; or **b.** Impair the enjoyment of a premises by the occupants, to an extent that the premises is not habitable."

22. The Northfield Policy defines "personal and advertising injury" to include "bodily injury" caused by "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises."

23. The Underlying Action alleges that the Underlying Plaintiffs suffered "bodily injury," "property damage" and "personal and advertising injury" arising out of the Underlying Defendants' failure to maintain the Subject Property in a "habitable condition"; the Underlying Defendants' violation of laws, ordinances, regulations and governmental rules relating to the habitability of the Subject Property; the Underlying Defendants' breach of their lease and warranty or covenant to maintain the Subject Property in a "habitable condition"; and wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of the Subject Property.

24. The Policy's Exclusion—Habitability of Premises precludes coverage for the claims asserted in the Underlying Action.

25. Because there is no coverage under the Northfield Policy for any of the claims alleged in the Underlying Action, Northfield has no duty to defend and indemnify GZ Fund under the Policy.

26. Although there is no coverage for any of the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense under a reservation of rights.

27. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other,

concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

28. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

**SECOND CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(EXCLUSION – DISCRIMINATION)**

**(Against All Defendants)**

29. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14 and 16-28, as though fully set forth herein.

30. Northfield asserts that it owes no duty to defend or indemnify GZ Fund with respect to the Underlying Action pursuant to operation of the terms, conditions, exclusions, endorsement and other provisions of the Northfield Policy.

31. The Northfield Policy excludes "'bodily injury' arising out of discrimination based upon… race, color…national origin, citizenship…or any other characteristic, attribute, trait condition, or status that qualifies a person for protection against discrimination under federal, state or local law."

32. The Northfield Policy further excludes "'Personal and advertising injury' arising out of discrimination based upon a person's…race, color…national origin, citizenship… or any other characteristic, attribute, trait, condition, or status that qualifies a person for protection against discrimination under federal, state or local law."

33. The Northfield Policy defines "personal and advertising injury" to include "bodily injury" caused by "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner,

landlord or lessor of that room, dwelling or premises."

34. The Underlying Plaintiffs allege they are members of a protected class including on the basis of race, color, ancestry, national origin and primary language/limited English proficiency.

35. The Underlying Plaintiffs allege the Underlying Defendants treated them differently because of this protected status.

36. The Underlying Plaintiffs allege the Underlying Defendants denied them full and equal accommodations including failing to provide repairs and services, that their protected characteristics were substantial motivating reasons for the Underlying Defendants' conduct, in violation of the Underlying Plaintiffs' civil rights under California Civil Code section 51.

37. The Underlying Action alleges "bodily injury" and "personal and advertising injury" arising out of the Underlying Defendants' alleged discrimination.

38. Although there is no coverage for any of the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense under a reservation of rights.

39. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

40. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

//

//

//

//

**THIRD CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(INSURING AGREEMENT)**

**(Against All Defendants)**

41. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28 and 30-40, as though fully set forth herein.

42. The Insuring Agreement of the Policy provides in pertinent part that it applies to "bodily injury" and "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence."

43. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

44. The Underlying Action arises out of alleged discrimination against the Underlying Plaintiffs by the Underlying Defendants.

45. Discrimination is not an "occurrence" under the Policy.

46. Although there is no coverage for any of the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense under a reservation of rights.

47. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

48. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

//

//

**FOURTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(EXCLUSION— EXPECTED OR INTENDED INJURY)**

**(Against All Defendants)**

49. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40 and 42-48, as though fully set forth herein.

50. Pursuant to the Policy's Exclusion for Expected Or Intended Injury, the Policy excludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

51. The Underlying Action arises out of alleged discrimination against the Underlying Plaintiffs by the Underlying Defendants.

52. The Underlying Action alleges "bodily injury" and "property damage" which is expected or intended from the standpoint of the insureds.

53. Although there is no coverage for the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense under a reservation of rights.

54. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

55. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

//

//

//

//

## FIFTH CAUSE OF ACTION

## DECLARATORY RELIEF

## (EXCLUSION— KNOWING VIOLATION OF RIGHTS OF ANOTHER)

**(Against All Defendants)**

56. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40, 42-48 and 50-55, as though fully set forth herein.

57. The Policy excludes "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

58. The Policy defines "personal and advertising injury" to include injury caused by "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises."

59. The Underlying Action arises out of alleged discrimination against the Underlying Plaintiffs by the Underlying Defendants.

60. The Underlying Action alleges the Underlying Defendants were motivated by discrimination when they improperly targeted and wrongfully forced the Underlying Plaintiffs to vacate and stay away from the Subject Property and when they abused the right of access into the Subject Property, including entries for inspections unrelated to necessary repairs and services, excessive numbers of entries into the Subject Property.

61. The Policy's Exclusion for Knowing Violation of the Rights of Another precludes coverage for the Underlying Action.

62. Although there is no coverage for any of the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense

under a reservation of rights.

63. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

64. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

**SIXTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(CALIFORNIA INSURANCE CODE SECTION 533)**

**(Against All Defendants)**

65. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40, 42-48, 50-55 and 57-64, as though fully set forth herein.

66. California Insurance Code Section 533 provides, in pertinent part : "An insurer is not liable for a loss caused by the willful act of the insured…"

67. The Underlying Action arises out of the alleged willful acts by Underlying Defendants in allegedly discriminating against the Underlying Plaintiffs including, but not limited to, violation of California Civil Code section 51.

68. Although there is no coverage for the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense under a reservation of rights.

69. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

//

70. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

**SEVENTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(EXCLUSION-BODILY INJURY- PERSONAL ADVERTISING INJURY)**

**(Against All Defendants)**

71. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40, 42-48, 50-55, 57-64 and 66-70, as though fully set forth herein.

72. The Policy excludes "bodily injury" arising out of "personal and advertising injury."

73. The Policy defines "personal and advertising injury" to include injury caused by "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises."

74. The Underlying Action alleges the Underlying Plaintiffs suffered bodily injury caused by the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of the Subject Property by the Underlying Defendants.

75. The Underlying Action alleges "bodily injury" arising out of "personal and advertising injury."

76. Although there is no coverage for the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense under a reservation of rights.

77. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other,

concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

78. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

**EIGHTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(EXCLUSION— FUNGI)**

**(Against All Defendants)**

79. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40, 42-48, 50-55, 57-64, 66-70 and 72-78, as though fully set forth herein.

80. The Policy excludes coverage for "bodily injury" or "property damage" arising out of the actual or alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of or presence of any "fungi".

81. The Policy further excludes coverage for "personal and advertising injury arising out the actual or alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of or presence of any "fungi".

82. The Policy defines "fungi" to include mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by such fungus.

83. The Underlying Action alleges the Underlying Plaintiffs suffered "bodily injury," "property damage" and "personal and advertising injury" arising out of the existence of mold at the Subject Property.

84. Although there is no coverage for the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense under a reservation of rights.

85. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other,

concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

86. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

**NINTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(EXCLUSION-BREACH OF CONTRACT)**

**(Against All Defendants)**

87. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40, 42-48, 50-55, 57-64, 66-70, 72-78 and 80-86, as though fully set forth herein.

88. The Policy excludes coverage for "personal and advertising injury" arising out of breach of contract.

89. The Underlying Action alleges the Underlying Plaintiffs suffered personal and advertising injury arising out of the Underlying Defendants' breach of contract.

90. Although there is no coverage for the claims asserted in the Underlying Action, Northfield is currently providing GZ Fund a courtesy defense under a reservation of rights.

91. An actual, present and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other, concerning their respective rights, duties and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

92. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

//

**TENTH CAUSE OF ACTION**

**DECLARATORY RELIEF (PUNITIVE OR EXEMPLARY DAMAGES)**

**(Against All Defendants)**

93. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40, 42-48, 50-55, 57-64, 66-70, 72-78, 80-86 and 88-92 above, as though fully set forth herein.

94. The Policy excludes Punitive or Exemplary damages.

95. The Underlying Action seeks exemplary and punitive damages, excluded under the Policy.

//

96. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff Northfield, on the one side, and the defendants, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

97. Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties and obligations of the parties may be determined under the Northfield Policy.

**ELEVENTH CAUSE OF ACTION**

**REIMBURSEMENT UNDER *BUSS***

**(Against GZ Fund III LLC)**

98. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40, 42-48, 50-55, 57-64, 66-70, 72-78, 80-86, 88-92 and 94-97 above, as though fully set forth herein.

99. Northfield asserts that it owes no duty to defend or indemnify GZ Fund with respect to the Underlying Action pursuant to operation of the terms, conditions, exclusions, endorsements and other provisions of the Northfield Policy.

100. Northfield has paid, and continues to pay, certain defense fees and costs incurred by defendants GZ Fund in defense of the Underlying Action. Northfield

agreed to participate in the defense of GZ Fund subject to a reservation of rights including, but not limited to, the right to seek reimbursement for the fees and costs incurred in defense of GZ Fund and Golden Bee Management that are not covered by the Northfield Policy.

101. Northfield is entitled to reimbursement from GZ Fund of the defense fees and costs it incurred in defending GZ Fund that are recoverable pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

**TWELFTH CAUSE OF ACTION**

**REIMBURSEMENT UNDER *BLUE RIDGE***

**(Against GZ Fund III LLC)**

102. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, 16-28, 30-40, 42-48, 50-55, 57-64, 66-70, 72-78, 80-86, 88-92, 94-97 and 99-101 above, as though fully set forth herein.

103. Northfield asserts that it owes no duty to defend or indemnify GZ Fund with respect to the Underlying Action pursuant to operation of the terms, conditions, exclusions, endorsement and other provisions of the Northfield Policy.

104. To the extent that Northfield has paid the Underlying Plaintiffs and/or their counsel an amount to be determined in order to get a release and dismissal of its insureds under the Northfield Policy in the Underlying Action, Northfield agreed to participate in the defense and indemnity of GZ Fund subject to a reservation of rights, including but not limited to a reservation of the right to seek reimbursement for indemnity payments made on behalf of GZ Fund that are not covered by the Northfield Policy

105. Northfield is entitled to reimbursement from GZ Fund of the indemnity payments made on its behalf that are recoverable pursuant to *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal. 4th 489 (2001).

//

//

**PRAYER**

WHEREFORE, Northfield respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that there is no coverage under the Northfield Policy for any of the claims asserted in the Underlying Action;

2. Declaring that the Northfield Policy Exclusion – Habitability excludes coverage for the claims asserted in the Underlying Action;

3. Declaring that the Northfield Policy Exclusions for Discrimination exclude coverage for the claims asserted in the Underlying Action;

4. Declaring that Northfield owes no duty to defend or indemnify defendants GZ Fund III LLC, Golden Z Holdings LLC, Golden Bee Investments LLC, David Berneman, North Hills Ventures, LLC, Summit View Holdings, LLC, Michael Soroudi, Mehdi Soroudi, Behrouz Soroudi, Golden Bee Management LLC, or Isaac Berneman under the Northfield Policy with regard to the claims asserted in the Underlying Action;

5. Declaring that Northfield may withdraw the defense of GZ Fund III LLC in the Underlying Action;

6. Declaring that Northfield is not liable to pay or satisfy any claims, judgments, or awards against any of the Underlying Defendants in the Underlying Action including, but not limited to, punitive or exemplary damages;

7. Declaring that the Underlying Action does not allege an "occurrence" under the Northfield Policy;

8. Declaring that there is no coverage for the claims asserted in the Underlying Action under the Northfield Policy's Exclusion for Expected Or Intended Injury;

9. Declaring that California Insurance Code section 533 bars coverage for the claims asserted in the Underlying Action;

//

10. Declaring that the Northfield Policy's Exclusion for Knowing Violation of the Rights of Another excludes coverage for the claims asserted in the Underlying Action;

11. Declaring that the Northfield Policy's Exclusion for Bodily Injury-Personal And Advertising Injury excludes coverage for the bodily injury claims asserted in the Underlying Action;

12. Declaring that the Northfield Policy's Exclusion for Fungi excludes coverage for the claims asserted in the Underlying Action;

13. Declaring that the Northfield Policy's Exclusion for Breach of Contract excludes coverage for the claims asserted in the Underlying Action;

14. Declaring that there is no coverage under the Northfield Policy for any punitive or exemplary damages awarded in the Underlying Action;

//

15. For reimbursement from GZ Fund III LLC for defense costs and fees Northfield has spent in its defense of the Underlying action;

16. For reimbursement from GZ Fund III LLC for indemnity payments Northfield paid on its behalf;

17. Granting an award in favor of Northfield for the costs of suit incurred herein; and

18. Granting such other and further relief as the Court may deem just and proper.

Dated: October 15, 2026

**USERY & ASSOCIATES**

By: /s/ *Valarie H. Jonas*
Valarie H. Jonas, Esq.
Attorneys for Plaintiff, Northfield Insurance Company